**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON ANTHONIO STERLING,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § § § | **CAUSE NO. EP-26-CV-1328-KC** |
| **WARDEN, EL PASO PROCESSING CENTER et al.,** | § § § | |
| **Respondents.** | § § | |

**ORDER**

On this day, the Court considered the case. Brandon Anthonio Sterling filed a Petition for a Writ of Habeas Corpus, ECF No. 1, arguing that his detention has become unlawfully prolonged. Sterling, a citizen of Jamaica, entered the United States on May 21, 2021, under a B-2 nonimmigrant visa. *Id.* at 3–4. On August 27, 2025, he was detained by immigration authorities. *Id.* at 4. On October 14, 2025, Sterling sought a custody determination in immigration court, but an immigration judge ("IJ") denied the request based on flight risk. *Id.* at 4–5; Pet. Ex. A ("IJ Order"), ECF No. 1-1. Sterling then filed an additional motion for bond redetermination, but the IJ denied the motion finding no material changed circumstances. Pet. 5; Pet. Ex. B ("2d IJ Order"), ECF No. 1-2.

The Court ordered Respondents to show cause why the Petition should not be granted. May 12, 2026, Order, ECF No. 3. Respondents now state that Sterling's Petition should be denied because he has received a bond hearing and his prolonged detention claim is speculative. *See generally* Resp., ECF No. 4. Sterling argues that because he was admitted to the country his prolonged detention is unlawful. Reply 1–3, ECF No. 5. And even if he were detained under 8

U.S.C. § 1225, "constitutional limitations still govern prolonged civil detention." *Id.* at 4. Sterling also argues that the mere fact he has received a bond hearing is insufficient because due process requires a meaningful review, and here the IJ made unsupported findings. *Id.* at 5–6.

First, when an individual has already received an individualized custody determination, this Court "lacks jurisdiction to sit in review of [the] IJ's discretionary finding that an alien is a flight risk [or danger] and therefore should be denied bond." *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citation omitted).  In other words, whether the Court agrees with the IJ's determination regarding Sterling's risk of flight is irrelevant, it simply lacks the power to review that determination.

Second, although detention in the pre-removal order context may become unconstitutionally prolonged at some point, it is unclear that it has reached that point here. *See, e.g., Maldonado v. Macias*, 150 F. Supp. 3d 788 (W.D. Tex. 2015).  The permissible extent of prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes. *See, e.g., Alves v. U.S. Dep't of Justice*, No. 3:25-cv-306-KC, 2025 WL 2629763, at *2–4 (W.D. Tex. Sept. 12, 2025).  Although there is no defined point at which detention becomes unreasonably prolonged, this Court has found that detention exceeding twenty-six months in the pre-entry, pre-final-removal order context is unreasonable. *Maldonado*, 150 F. Supp. 3d at 809–811.  Other Courts within this District have found that detention exceeding twenty months was impermissibly prolonged in the same context. *See Stanislav v. Mayorkas*, No. 3:26-cv-411-DB, 2026 WL 1396218, at *5–7 (W.D. Tex. May 19, 2026).  Sterling has been detained for nine months, which does not come close to the length of detention other courts have found to be unreasonably prolonged, albeit in the pre-entry context.

Thus, because Sterling has received an individualized custody determination, he has no

viable procedural due process claim. *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79. And since

his detention has not yet become unreasonably prolonged, his substantive procedural due process

claim also fails at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** without

prejudice.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 31st day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3